UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MARIO SULMA,

Plaintiff,

v.

KEMAL HALL AND KLB EAST LLC,

Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
26-CV-6845 (MKB)

MARGO K. BRODIE, United States District Judge:

On April 2, 2026, Plaintiff Mario Sulma commenced the above-captioned action against Defendants Kemal Hall and KLB East LLC (collectively, the "Defendants") in New York State Supreme Court, Queens County to recover for personal injuries Plaintiff allegedly sustained arising out of an automobile accident in Queens on January 10, 2025. (Summons and Verified Compl., annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) On October 23, 2026, Defendants filed a Notice of Removal,[1] seeking to remove the action to the Eastern District of New York. (Notice of Removal, Docket Entry No. 1.) Defendants allege that the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at ¶ 10.)

By Order dated October 27, 2026, the Court directed Defendants to show cause why this action should not be remanded to state court as untimely removed. (Order dated Oct. 27, 2026.) On November 3, 2026, Defendants responded to the Court's Order. (Defs.' Response.) For the

---

[1] Defendants fail to identify the specific statutory authority under which they filed the Notice of Removal. Because Defendants seek removal based on diversity of citizenship and they purport to have "miscalculated/mis-calendared thirty days," the Court understands Defendants to have filed their Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. (*See* Defs.' Response to Order to Show Cause ("Defs.' Response") 1, Docket Entry No. 7; 28 U.S.C. § 1441 (Removal of Civil Actions); 28 U.S.C. § 1446 (Procedure for Removal of Civil Actions).)

reasons explained below, the Court remands the action to the New York State Supreme Court, Queens County.

## I. Background

On April 2, 2026, Plaintiff commenced an action against Defendants in state court to recover for personal injuries he allegedly sustained arising out of an automobile accident. (Summons and Verified Compl. ¶¶ 15, 20–28.) On June 9, 2026, Defendants filed a Verified Answer, (Verified Answer, annexed to Notice of Removal as Ex. B, Docket Entry No. 1-2), and simultaneously filed Combined Discovery Demands and a Demand Pursuant to CPLR 3017(c). (Defs.' Combined Discovery Demands and a Demand Pursuant to CPLR 3017(c), annexed to Notice of Removal as Ex. B, Docket Entry No. 1-2.)[2] Plaintiff responded to Defendants via email on September 22, 2026, providing information including damages demands for $1 million. (Pl.'s Response to Defs.' Demand Pursuant to CPLR 3017(c), annexed to Notice of Removal as Ex. C, Docket Entry No. 1-3.)

On October 23, 2026, Defendants filed a Notice of Removal to remove the action to the Eastern District of New York, asserting original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1331. (Notice of Removal ¶¶ 9–10.) Defendants contend that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. (*Id.*)

By Order dated October 27, 2026, the Court directed Defendants to show cause why this action should not be remanded to state court as untimely removed. (Order dated Oct. 27, 2026.)

---

[2] Although Plaintiff responded to the Verified Bill of Particulars and the Combined Discovery Demand from Defendants, Plaintiff did not provide a response to the request for the damages amount pursuant to CPLR 3017(c) until September 22, 2026. (Defs.' Response 1.)

On November 3, 2026, Defendants responded to the Court's Order, first, acknowledging that "[d]espite receipt of [Plaintiff's] e-mail, the undersigned miscalculated/mis-calendared thirty days from the September 22, 2026 e-mail by one day and filed the Notice of Removal on October 23, 2026." (Defs.' Response 1.) Second, Defendants contend that defense counsel's office "received [Plaintiff's] response only via email" to the counsel of record and that "[d]efense counsel did not receive any documentation from [P]laintiff's counsel indicating the amount of controversy exceeded $75,000 until receipt of the aforementioned response." (*Id.*) Third, Defendants contend that Plaintiff has not objected to the filing of the Notice of Removal one day late nor filed a Notice of Remand. (*Id.*) Finally, Defendants argue there is "no prejudice to [P]laintiff should the Court use its discretion to permit the instant case to remain pending in th[is] . . . Court." (*Id.* at 2.)

## II. Discussion

### a. The Court has no discretion and remands this action to state court

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441 through 1445. *Agyin v. Razmzan*, 986 F.3d 168, 180–81 (2d Cir. 2021); *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *Gold Coast Transp. Serv. LLC v. NTI-NY, Inc.*, No. 21-CV-5396, 2022 WL 1468770, at *5 (E.D.N.Y. May 10, 2022) (citing *Razmzan*, 986 F.3d at 181). "[W]hen 'determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the [n]otices of [r]emoval.'" *Razmzan*, 986 F.3d at 181 (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)); *see also New York v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-

CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))). A defendant may remove a civil action brought in state court to a federal court in "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court is required to evaluate "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441–42 (2019); *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309 (2d Cir. 2005) ("[A]ny action brought in state court over which the district court would have had original jurisdiction may be removed to the district court 'embracing the place where such action is pending.'" (quoting 28 U.S.C. § 1441(a))); *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) ("A defendant may remove an action originally filed in state court to federal court if the case originally could have been filed in federal court." (citing 28 U.S.C. § 1441(a))).

Section 1446 establishes that "[t]he notice of removal of a civil action or proceeding shall be filed within [thirty] days" of a defendant receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). In addition, section 1446(b)(3), extends the thirty-day deadline if an initial pleading did not provide a basis for removal but it is later "ascertained that the case is one which is or has become removable." *Enbridge Energy, LP v. Nessel*, 608 U.S. ---, ---, 146 S. Ct. 1074, 1079–80 (Apr. 22, 2026) (quoting 28 U.S.C. § 1446(b)(1)); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) ("A case is removable when the initial pleading enables 'the defendant to "intelligently ascertain" removability from the face' of [the] pleading."); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam) (when removal is based on diversity, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought");

*Diallo v. Kreitkamp Trucking, Inc.*, No. 26-CV-2843, 2026 WL 1213799, at *2 (S.D.N.Y. May 4, 2026) ("The Second Circuit explained that 'a bright line rule is preferable to . . . [r]equiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks,'" because this bright line rule "will avoid disputes as to whether the defendant should have known from the types of injuries alleged in the complaint that the jurisdictional threshold was met." (alterations in original) (citing *Moltner*, 624 F.3d at 38)); *see also Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (reiterating *Moltner* standard and explaining time limits for removal under section 1446(b)(3)).

The Supreme Court made clear that section 1446(b)(1)'s thirty-day deadline cannot be equitably tolled. *Nessel*, 608 U.S. at ---, 146 S. Ct. at 1074, 1086 ("Accordingly, § 1446(b)(1)'s [thirty]-day deadline cannot be equitably tolled. . . . [the] notice of removal was untimely and [ ] this action must be remanded to the [ ] state court."); *Elliott v. Jaquez*, No. 24-CV-6481, 2025 WL 1358516, at *4, *7 (E.D.N.Y. Mar. 17, 2025) (collecting cases), *report & recommendation adopted*, 777 F. Supp. 3d 136, 146, 150 (E.D.N.Y. 2025) ("Section 1446(b) . . . [a]lthough not jurisdictional, the thirty-day filing deadline is "mandatory" and "rigorously enforced." (citation omitted)); *see also Thomas v. Baldwin*, 189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002) (remanding case where the notice of removal was two days late); *Massad v. Greaves*, 554 F. Supp. 2d 163, 167 (D. Conn. 2008) (remanding case where the notice of removal was outside the statutory timeline of 28 U.S.C. § 1446(b)); *Frontier Park Co., v. Contreras*, 35 F. Supp. 3d 264, 268 (E.D.N.Y. 2014) (remanding case where the notice of removal was filed four days late). Neither subsection 1446(b)(1), nor subsection 1446(b)(3) are subject to equitable tolling.
*See Nessel*, 608 U.S. at ---, 146 S. Ct. at 1084 ("Allowing equitable tolling of § 1446(b)(1)'s deadline would undermine Congress's manifest interest in resolving threshold removal questions

early and conclusively."); *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152–53 (2d Cir. 2021) ("[T]he removal statute itself permits some exceptions . . . it generally allows defendants to remove a case outside of the ordinary thirty-day window if the basis for removal becomes clear only after a plaintiff files an amended pleading." Thus, "Congress [ ] contemplated certain minimal exceptions, implicitly rejecting others, and we lack the 'judicial discretion' to add exceptions that Congress omitted." (citation omitted)); *MTBE*, 488 F.3d at 124 ("The Supreme Court has held that 'statutory procedures for removal are to be strictly construed,' *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and we have held that out of respect for the limited jurisdiction of the federal courts and the rights of states, we must 'resolv[e] any doubts against removability.'" (alteration in original) (citation omitted)); *Bank of Am. v. Angona*, No. 14-CV-1643, 2014 WL 1515559, at *2 (E.D.N.Y. Apr. 18, 2014) (holding that the thirty-day deadline for removal is "rigorously" enforced and "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement.") (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991))).

Despite holding that section 1446(b)(1) is nonjurisdictional, the Supreme Court in *Nessel* clarified that it falls into the "nonjurisdictional rules [that] remain 'mandatory' and 'are not susceptible'" to an equitable approach. *Nessel,* 608 U.S. at ---, 146 S. Ct. at 1081; *see e.g. Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192 (2019) ("The mere fact that a time limit lacks jurisdictional force, however, does not render it malleable in every respect."); *see also Evans v. Sroka*, No. 01-CV-5806, 2001 WL 1160586, at *3 (S.D.N.Y. Oct. 2, 2001) ("[The 1446(b)] time limit, although not jurisdictional, is strictly construed and mandatorily enforced."); *Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*, 184 F.4th 827, 832 (6th Cir. 2026) (applying *Nessel* holding and stating that "[t]he removal clock is unforgiving and cannot be equitably

tolled . . . []removal to federal court was untimely, the case must return to state court no matter the balance of the equities."), *reh'g denied*, No. 25-4015, 2026 WL 2822386 (6th Cir. Sept. 3, 2026). In *Nessel*, the Supreme Court found that an explicit list of exceptions set forth in a detailed manner by Congress indicates that "Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute." *Nessel,* 608 U.S. at ---, 146 S. Ct. at 1082 (citation omitted); *see also id.* at 1083 (discussing other specific statutory exceptions that incorporate 1446(b)(1)'s time limit as evidence that equitable tolling was not intended by Congress); *Bittner v. United States*, 598 U.S. 85, 94 (2023) ("When Congress includes particular language in one section of a statute but omits it from a neighbor, we normally understand that difference in language to convey a difference in meaning."); *Nessel*, 608 U.S. at ---, 146 S. Ct. at 1084 (holding that the federal civil removal statutes have an interest in efficiency and avoiding prolonged litigation on threshold nonmerits questions "that is reflected not only in the short deadline for removal itself, but also in the strict [thirty]-day deadline for seeking remand of a removed action, § 1447(c), and the default rule that remand orders are not appealable, § 1447(d)" (citations omitted)).

In Defendants' Response to the Order to Show Cause, Defendants specified that they "miscalculated/mis-calendared thirty days" as required by 28 U.S.C. § 1446. *See* 28 U.S.C. § 1446 (requiring notice of removal of a civil action to be filed within thirty days). Defendants contend that they "did not receive any documentation from [P]laintiff's counsel indicating the amount of controversy exceeded $75,000 until receipt of the aforementioned response." (Defs.' Response 1; *see* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, of . . . other paper from which it may first be ascertained that the case is one which is

or has become removable.").)

Defendants missed the deadline to timely file the Notice of Removal by a day. Although the initial Verified Complaint did not include information supporting removal, (*see generally* Verified Compl.), *i.e.* diversity jurisdiction was not ascertainable, Defendants still failed to file the Notice of Removal in a timely manner as required by section 1446(b)(3). On September 22, 2026, Defendants received "through service or otherwise . . . [an] other paper" from which Defendants ascertained that the case is one which is removable based on the $1 million damages alleged by Plaintiff. (Notice of Removal ¶ 5; Defs.' Response 1; *see also* 28 U.S.C. § 1446(b)(3).) Defendants filed their Notice of Removal on October 23, 2026, one day after the "thirty days" required by section 1446(b)(3). *See also* Fed. R. Civ. P. 6(1); *N.Y. Communities for Change v. Cnty. of Nassau*, Nos. 24-CV-8779, 24-CV-8780, 2024 WL 5264299, at *5 (E.D.N.Y. Dec. 31, 2024) (holding notice of removal pursuant to section 1446(b)(3) was untimely when filed forty days after receipt of "other paper[s]"); *Sweetman v. Erhan*, No. 25-CV-1756, 2026 WL 145938, at *8 (D. Conn. Jan. 20, 2026) (finding the "removal of the case [was] untimely under section 1446(b)(3)" because "they did not remove the case to federal court within [thirty] days after receiving an 'other paper' notifying them the amount in controversy exceeded $75,000."). Although Defendants missed the deadline by only one day, Congress has deprived district courts of the discretion to extend section 1446(b)(1)'s thirty-day deadline based on equitable considerations. *See Nessel*, 608 U.S. at ---, 146 S. Ct. at 1083 ("For civil [removal] cases . . . Congress did not provide courts with a similar general power to extend the [thirty]-day removal deadline."); *100 Great Meadow Rd. Assocs., LLC v. Cincinnati Ins. Co.*, No. 20-CV-810, 2020 WL 12188902, at *4 (D. Conn. Dec. 23, 2020) ("For the court to permit [notice of removal filed at thirty-one days], it would have to evade

mandatory authority that demands rigorous enforcement of [section] 1446(b)."); *see id.* ("[Section] 1446(b) sets a firm thirty-day deadline for filing a Notice of Removal with the federal court, and case law tells us to construe this deadline narrowly.") Because Congress intended for this subsection to function as an explicit, specified equitable exception, "[i]t would be inconsistent with [a] comprehensive scheme . . . to extend [the deadline] still further through the doctrine of equitable tolling." *Nessel*, 608 U.S. at ---, 146 S. Ct. at 1082–83 (third alteration added) (quoting *Arellano v. McDonough*, 598 U.S. 1, 7 (2023)); *see also Communities for Change*, 2024 WL 5264299, at *5 (removal untimely under 1446(b)(3)); *Erhan*, 2026 WL 145938, at *8 (same). The Court therefore remands this action to state court because Defendants failed to remove the action in a timely manner.

In addition, Defendants cite no case law in their response to support their position that the Court could and should retain this action even though it was filed a day after the thirty-day deadline. *See Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) ("Defendants have the burden of establishing that removal is proper." (internal quotation marks and citation omitted)); *Guotaiqixing Biomedical Int'l (S) Pte. Ltd. v. Dai*, No. 24-CV-3142, 2024 WL 4815982, at *2 (S.D.N.Y. Nov. 18, 2024) ("The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met." (citing *Mehlenbacher v. Akzo Novel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000))); *Lachmanaya v. Rocky Towing, LLC*, No. 23-CV-133, 2023 WL 2329855, at *1 (E.D.N.Y. Mar. 2, 2023) ("Where . . . a defendant seeks to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met." (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011))). The Court finds that it would be inconsistent with Congress's comprehensive statutory scheme that already includes

several removal exceptions to extend the removal deadline further than what Congress has already provided.

Accordingly, the Court remands the action to state court.

## III. Conclusion

For the foregoing reasons, the Court remands the action to the Supreme Court of the State of New York, Queens County. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the New York Supreme Court, Queens County, and to close this case.

Dated: November 16, 2026
Brooklyn, New York

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge